## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| AZIZUDDIN AHMED, | ) | |
| Plaintiff | ) ) ) ) | |
| v. | ) | Civil No. 08-257-P-H |
| SALEEMUDDIN MOHAMMAD and ASRA SYEDA, | ) ) ) ) ) | |
| Defendants | ) | |

### REPORT OF CONFERENCE OF COUNSEL AND ORDER

Held before me on Monday, August 18, 2008, at 11 a.m.

Presiding:		John H. Rich III, United States Magistrate Judge

Appearances:	For Plaintiff: Thaddeus V. Day, Esq.

		For Defendants: Christian T. Chandler, Esq.

    A conference of counsel was held at my initiative to discuss the three pending motions in this matter: the defendants' emergency motion for appointment of a receiver and for preliminary injunction (Docket No. 4), the defendants' motion to transfer venue (Docket No. 10), and the plaintiff's motion to remand this action to state court (Docket No. 11).

    At the conference, counsel for all parties agreed that a receiver should be appointed; that it should be someone in Pittsburgh, Calvinsoft Technologies' principal place of business; and that the parties should locate within 10 days a mutually-acceptable individual to be appointed receiver, or

agree within 10 days on the process for doing so.  Counsel further agreed that discovery should be stayed pending receipt of the receiver's report.  Finally, counsel agreed that the remaining relief requested by the three pending motions (that is, preliminary injunction, transfer, and remand) need not be decided at this time, and that the plaintiff's deadline to file its opposition to the defendants' motion for preliminary injunction also be extended for the time being.

Left unresolved by the foregoing areas of agreement is the plaintiff's motion to remand, which alleges that this court lacks subject matter jurisdiction in this case.  Counsel for the plaintiff agreed to stay that motion in order to allow the court to issue an order appointing a receiver, but made clear that the plaintiff does not waive the motion.  Thus, this court will need to decide whether it can issue an order appointing a receiver, even with the consent of all parties, without first deciding the plaintiff's motion to remand and whether it has jurisdiction.

In the interim, I ***ORDERED*** that, by August 28, 2008, the parties submit to the court the name of their proposed receiver, or, barring agreement, the process for selecting one, together with a proposed order of appointment.  I also ***ORDERED*** that discovery is stayed and that the plaintiff's deadline for filing his opposition to the defendants' motion for preliminary injunction is enlarged, pending in both instances further order of the court.

***SO ORDERED***.

## CERTIFICATE

A. This report fairly reflects the actions taken at the conference and shall be filed forthwith.

B. Any objections to the report shall be filed in accordance with Fed. R. Civ. P. 72.

Dated this 19th day of August, 2008.

/s/ John H. Rich III<br>
John H. Rich III<br>
United States Magistrate Judge