UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| AZIZUDDIN AHMED, Individually and on behalf of CALVINSOFT TECHNOLOGIES, INC., | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Docket No. 08-257-P-H |
| SALEMUDDIN MOHAMMAD, et al., | ) ) | |
| Defendants | ) | |

### DECISION AND ORDER ON MOTION TO REMAND

The plaintiff, a citizen of Florida, filed a shareholder derivative lawsuit against the defendants, citizens of Pennsylvania, in the Maine Superior Court (Cumberland County). The defendants removed the case, claiming federal jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332(a). The plaintiff moved to remand for lack of diversity jurisdiction on the basis that the corporation on whose behalf he sues is—like the defendants—a citizen of Pennsylvania. (The corporation is incorporated in Maine, but has its corporate offices and principal place of business in Pennsylvania, and is therefore a citizen of both states under 28 U.S.C. § 1332(c)(1).) The motion is **DENIED**.

### The Legal Test

Over fifty years ago, the Supreme Court established that federal courts must assess diversity of citizenship in a shareholder derivative action by determining, from reviewing the pleadings, whether the shareholder plaintiff is antagonistic to the corporation (rather than upon the plaintiff's choice to designate the corporation as either a plaintiff or a defendant). Smith v.

1

Sperling, 354 U.S. 91, 95-96 (1957). The Court explained that "[t]here is antagonism whenever the management is aligned against the stockholder and defends a course of conduct which he attacks." Id. at 95.

The First Circuit recently applied Sperling in Gabriel v. Preble, 396 F.3d 10 (1st Cir. 2005). There, the plaintiff, a Virginia resident who was a shareholder of a Virginia corporation, filed a shareholder's derivative suit in federal court in Massachusetts against another shareholder who was a New Hampshire resident. Gabriel, 396 F.3d at 12. Like the plaintiff here, she purported to sue on behalf of the Virginia corporation but did not formally name it as a party. Id. The defendants moved to dismiss on the ground that the Virginia corporation should be aligned as a party-defendant, thereby destroying diversity jurisdiction. Id. The First Circuit agreed, holding that the corporation is an indispensable party in a shareholder derivative suit. Id. at 13.[1] It also held, citing Sperling, that "[a] corporation is deemed adverse to a derivative suit when, regardless of the reason, the corporation's management opposes the maintenance of the action." Id. at 14.[2]

## Application to this Case

Under Sperling and Gabriel, it is readily apparent that the corporation here, a Pennsylvania citizen, is adverse to the shareholder plaintiff, a Florida citizen. The complaint alleges (1) that the plaintiff Ahmed and the defendant Mohammad own all issued stock of the corporation in equal amounts, Compl. ¶ 3; (2) that Mohammad has served as chairman and treasurer of the corporation since June 15, 2006, and has been primarily responsible for the

---

[1] It noted that corporations "generally are styled as defendants in derivative suits," but ruled that the designation is not determinative. Gabriel, 396 F.3d at 14.

[2] In his reply memorandum, the plaintiff asserts that he has "new evidence to show that Plaintiff shareholder AZIZUDDIN AHMED is the majority shareholder and should not be held hostage on defending his proper choice of forum in Maine." Reply to Opp'n to Mot. for Remand ¶ 2 (Docket No. 17). True or not, the new assertion does not change the analysis in text, which is premised upon *management*'s opposition to the lawsuit.

corporation's financial matters, id. ¶¶ 7, 10; (3) that Mohammad and his wife, the corporation's CEO and the other named defendant, have harmed the corporation, id. ¶¶ 7-11, 13-14; and (4) that the two shareholders "are so divided regarding the management of the business and affairs of the corporation that it is suffering irreparable harm and [the corporation] can no longer be managed to the advantage of its shareholders[,]" id. ¶ 15. Thus, the complaint alleges that the defendants effectively control the operation of the corporation's business. See Gabriel, 396 F.3d at 15. In addition, the defendants' pleadings make clear that the defendants "consider the plaintiff's suit contrary to" the interests of the corporation and that they are fighting the suit "tooth and nail," two considerations given weight in Gabriel to show a shareholder plaintiff is antagonistic to the corporation. 396 F.3d at 15, 16.

Under Sperling and Gabriel this corporation, a Pennsylvania citizen, must be aligned as a defendant. Since the individual defendants are also Pennsylvania citizens, whereas the individual plaintiff is a Florida citizen, complete diversity of citizenship is present.

As a result, this court has jurisdiction under 28 U.S.C. § 1332(a) and the plaintiff's motion to remand is **DENIED**.

Dated this 25th day of August, 2008.

/s/ D. Brock Hornby
D. Brock Hornby
United States District Judge

3