*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| ***AZIZUDDIN AHMED, individually and*** ) | |
| ***on behalf of CALVINSOFT*** ) | |
| ***TECHNOLOGIES, INC.,*** ) | |
| ) | |
| ***Plaintiff*** ) | |
| ) | |
| ***v.*** ) | ***Civil No. 08-257-P-H*** |
| ) | |
| ***SALEEMUDDIN MOHAMMAD, et al.,*** ) | |
| ) | |
| ***Defendants*** ) | |

*MEMORANDUM DECISION ON MOTION TO TRANSFER VENUE*

In this shareholder derivative action, removed to this court from the Maine Superior Court (Cumberland County), the defendants, Saleemuddin Mohammad and Asra Syeda, move to transfer venue to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). Defendants' Motion to Transfer Venue (Docket No. 10) at 1. Following briefing on the motion, I heard oral argument on September 16, 2008. I now grant the motion.

**I. Discussion**

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A transfer pursuant to Section 1404(a) lies within the discretion of the court. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). The factors to be considered in the exercise of this discretion include the convenience of the parties and

1

witnesses, the availability of documents, the order in which jurisdiction was obtained by the district court, and the possibilities of consolidation. *Cianbro Corp. v. Curran-Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir.1987). The last two factors are not in play since there is no other action pending between the parties in any other jurisdiction. The defendant bears "a substantial burden" of demonstrating the need for a change of forum. *Demont & Assoc. v. Berry,* 77 F.Supp.2d 171, 173 (D.Me.1999). The evidence submitted by the defendant "must weigh heavily in favor of transfer" when this district is the plaintiff's "home forum," *id.*, but that is not the case here. The plaintiff is a resident of Florida. Affidavit of Saleemuddin Mohammad ("Def. Aff.") (Attachment 1 to Emergency Motion for Appointment of a Receiver (Docket No. 4)) ¶ 22.

## A.  Right to Bring Action in Transferee Forum

Since Section 1404(a) authorizes the transfer of an action from one judicial district to another "[f]or the convenience of parties and witnesses, in the interest of justice," and provided that the transfer is "to any other district or division where it might have been brought [,]"

> [a] motion to transfer pursuant to section 1404(a) requires the court to make two determinations. FIRST: the transferee forum must be one in which the plaintiff had the right to bring the action at the time of commencement in the original forum. *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970). . . .
>
> SECOND: competing public and private interests are to be weighed to determine whether a transfer will further the interests of justice and the convenience of the parties. Critical elements of those interests were delineated by the Supreme Court of the United States in *Gulf Oil Corp. v. Gilbert* in consideration of the doctrine of *forum non conveniens*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 92 L.Ed. 1055 (1947).

*Goodman v. Fleischmann*, 364 F. Supp. 1172, 1174-75 (E.D.Pa. 1973).

This diversity action could have been brought in the Western District of Pennsylvania. 28 U.S.C. § 1391(a) provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may .. . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State,  [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(a). Both defendants, husband and wife, reside in Pennsylvania.  Def. Aff ¶¶ 1, 2.  The events leading up to this action all occurred in Pittsburgh, Pennsylvania, where the defendants reside.  *Id*. ¶¶ 2, 6, 8.  *See Wechsler v. Macke Int'l Trade, Inc.*, 1999 WL 1261251 (S.D.N.Y. Dec. 27. 1999), at *4 (where there is no material connection between chosen forum and operative facts, interests of justice require transfer).  Thus, the first requirement of Section 1404(a), that the transferee forum be one in which the plaintiff had the right to bring the original action, has been satisfied.

### B.  Interests to be Weighed

### 1.  Documents and Witnesses

With respect to documents, counsel agreed at oral argument that no relevant documents are in Maine.  They disagreed as to whether all pertinent documents are in electronic form, and hence readily transferable to any district, but there is no disagreement that the bulk of the relevant documents are currently at corporate headquarters in Pittsburgh.  Def. Aff. ¶ 8.  As to witnesses, the defendants "believe that all witness[es] to this action . . . are residents of the Pittsburgh area and that all documents related to this matter are located in the Pittsburgh area." *Id*. ¶ 24.  The convenience of the witnesses is not served by a Maine forum for this case.  None of them lives within the area of the subpoena power of this court.  In most cases, this factor is the most important in the Section 1404(a) analysis.  *Federman Assocs. v. Paradigm Med. Indus., Inc.*, 1997 WL 811539 (S.D.N.Y. Apr. 8, 1997), at *2.

Counsel for the plaintiff proffered at oral argument, without support of appropriate evidentiary quality, the current locations of unnamed potential witnesses in Albany, New York, Orlando, Florida, Piscataway, New Jersey, Miami, Florida, and Jersey City, New Jersey. Even if this information had been properly presented, it does not support a conclusion that the convenience of the potential witnesses would be better served by trial in Portland, Maine than it would be by trial in Pittsburgh, Pennsylvania. Of the locations mentioned, the two Florida locations are closer to Pittsburgh than they are to Portland and the two New Jersey locations are virtually equidistant.[1] As importantly, it may safely be assumed that travel by airplane or train to Pittsburgh can be arranged more conveniently than it can be to Portland, a much smaller city.

On balance, the requested transfer would not "merely . . . shift the inconvenience from one party to another." *Auto Europe, L.L.C. v. Connecticut Indemnity Co.*. 2002 WL 475123 (D. Me. Mar. 28, 2002), at *2. From all that appears, even the plaintiff would be geographically convenienced by the transfer.

### 2. Other Interests

At oral argument, counsel for the plaintiff offered the results of his own research, to the effect that, in 2007, cases in the Western District of Pennsylvania had a median time to disposition of 7.4 months while cases in this court had a median time to disposition of 6.5 months. The fact that a prompt trial may be available in one of the districts at issue but not in the other is relevant to the statutory criteria under Section 1404(a). *Ashmore v. Northeast Petroleum Div. of Cargill, Inc.,* 925 F. Supp. 36, 39 (D.Me.1996). However, this information too was not presented in acceptable evidentiary form, and even if it had been, a difference in time to

---

[1] Pittsburgh to: Albany, 356.7 miles; Orlando, 824.2 miles; Miami, 1010.8 miles; Jersey City, New Jersey, 311.9 miles; Piscataway, New Jersey, 294.9 miles. Portland to: Albany, 190.1 miles; Orlando, 1211.8 miles; Miami, 1354.2 miles; Jersey City, New Jersey, 281.9 miles; Piscataway, New Jersey, 304.9 miles. *See* www.infoplease.com/atlas/calculate-distance.html.

disposition of less than a month is not sufficient to make the availability of a prompt trial a factor in favor of denying the motion to transfer.[2]

Additionally, counsel for the plaintiff argued that this court would be more familiar with Maine's statutes governing corporate dissolution than would the proposed transferee court, and that his client chose a Maine forum in hopes of gaining a proper interpretation of those statutes and a timely dissolution of the corporation. "[T]he possibility that the law of another jurisdiction governs is a factor accorded little weight on a motion to transfer, especially where no complex questions of foreign law are involved." *Federman*, 1997 WL 811539, at *4 (citation omitted). The statutory corporation law of Maine is not particularly complex, and, therefore, this factor should be accorded little weight.

Finally, it should also be noted that this case is in its early stages, discovery has not begun, and new counsel in the new forum would not need much time to come up to speed. In addition, a receiver has been appointed by agreement of the parties for the corporation at issue, and that receiver is located in Pittsburgh. Order on Defendants' Motion for the Appointment of a Receiver (Docket No. 35). These two factors also weigh in favor of exercising the court's discretion in favor of transferring venue to Pittsburgh.

## II. Conclusion

For the foregoing reasons, the defendants' motion to transfer this action to the United States District Court for the Western District of Pennsylvania is **GRANTED**.

---

[2] Counsel for the plaintiff offered no statistics regarding the median time to disposition in 2007 in the overburdened Maine state trial court, where the plaintiff initially brought this action.

Dated this 1st day of October, 2008.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge